

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**FAGAN DICKSON**
FIRST ASSISTANT

June 4, 1948

Hon. Wm. N. Hensley
Criminal District Attorney
San Antonio, Texas

Opinion No. V-597

Re: The payment from Coun-
ty funds of fees of
attorneys appointed by
the court to represent
the defendant in lunacy
cases.

Dear Sir:

Reference is made to your recent request which reads, in part, as follows:

"On March 30, 1948, we received a request for an opinion from the County Auditor in regard to payment of attorney's fees by the County in lunacy cases under Article 5550, R.C.S. A copy of this request is enclosed.

"On April 7, 1948, we rendered our opinion No. H-103 thereon, answering said request in the affirmative to the effect that the attorney's fee provided by law could be paid out of County Funds. A copy of this opinion is enclosed.

"The County Auditor now wants us to secure an opinion from you on the same question, not being completely satisfied that we have settled the law thereon.

"We, therefore, respectfully refer his request to you, together with our opinion thereon, and we desire your opinion thereto."

The request of the County Auditor is, in part, as follows:

"On March 29th, the Commissioners' Court passed an order approving the

claim of Lester L. Klein, Attorney at
Law, in the amount of $15.00 and auth-
orized me to draw Voucher Warrant in
payment of same.

"This claim of Mr. Klein is for
representing defendants in three lunacy
cases at $5.00 per case, he having been
appointed by Hon. Chas. J. Matthews,
Judge County Court at Law No. 2, acting
for Chas. W. Anderson, County Judge Bexar
County, Texas. Article 5550, Vernon's
Texas Statutes authorizes the County
Judge to appoint council in lunacy cases
at a fee not to exceed $5.00 per case to
be taxed as cost in the case.

"This statute does not say that
this fee shall be paid by the County
from County funds. It appears to me
that if there is no other Statute auth-
orizing this fee to be paid from Coun-
ty funds that it would be paid if and
when the cost were collected in each
case.

"Does the Statute permit this fee
to be paid from County funds?"

Article 5550, V. C. S., is as follows:

"The cause shall be docketed on
the probate docket of the Court in the
name of the State of Texas as plaintiff,
and the person charged to be insane as
defendant. The County Attorney or the
District Attorney in counties having no
County Attorney, shall appear and repre-
sent the State on the hearing, and the
defendant shall also be entitled to coun-
sel; and in proper cases the County Judge
may appoint counsel for that purpose.

"In cases in which the County Judge
may deem it necessary to appoint counsel
for the defendant, such appointment shall
be noted upon the docket giving the name
of the attorney so appointed, and in cases
in which the County Judge deems it neces-

sary a fee may be allowed to counsel
for the defendant in such sum as may
be fixed by the County Judge, and noted
on the docket, in an amount not to ex-
ceed Five Dollars ($5.00), to be taxed
as costs in the case."

Article 4316, V. C. S., provides that:

"When any person is found to be of
unsound mind or to be an habitual drunk-
ard, the cost of the proceeding shall be
paid out of his estate; or, if his es-
tate be insufficient to pay the same, such
costs shall be paid out of the county
treasury, and the judgment of the court
shall be accordingly. If the defendant
be discharged, the person at whose in-
stance the proceeding was had shall pay
the costs of such proceeding; unless the
informant be an officer acting in his of-
ficial capacity in filing the information,
in which case the costs shall be paid out
of the county treasury."

We assume that a fee of $5.00 was allowed by
the County Judge in each case.

Article 5550 provides that such fee shall be
taxed as costs. Article 4316 provides how costs shall
be paid in lunacy cases. Since both the foregoing stat-
utes relate to lunacy cases, they must be considered to-
gether in regard to the taxing of costs. When this is
done, and in view of the plain language of Article 4316,
it is our opinion that if in such a trial the person is
found to be of unsound mind, such fee should be paid out
of his estate. But if his estate be insufficient, then
it should be paid out of the county treasury. If the
defendant be discharged, then the fee should be paid by
the person at whose instance such proceeding was had,
unless the informant be an officer acting within his of-
ficial capacity in filing the complaint, in which case
the costs shall be paid out of the county treasury.

SUMMARY

In a lunacy case where the defen-
dant was found to be insane and the Coun-
ty Judge appointed an attorney to repre-

sent defendant and allowed an attorney's
fee, the fee should be paid out of defen-
dant's estate as part of the costs of suit.
If his estate is insufficient the attor-
ney's fee should be paid out of the County
Treasury as part of the costs.  If the de-
fendant was discharged, then the fee should
be paid by the person at whose instance
such proceeding was had, unless the infor-
mant be an officer acting within his offi-
cial capacity in filing the complaint, in
which case the costs shall be paid out of
the County Treasury.  Articles 5550 and
4316, V. C. S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _Bruce Allen_
Bruce Allen
Assistant

BA:erc:mw

APPROVED:

_Fagan Dickson_
FIRST ASSISTANT
ATTORNEY GENERAL